

**FILED**

DEC 0 2 2013

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ROBERT HEPPLER,<br><br>Plaintiff,<br><br>vs.<br><br>LEROY KIRKEGARD, MR. BASETA, SHELLY STYTH, and ROXANNE WIGERT,<br><br>Defendants. | CV 13–25–H–DWM–RKS<br><br>ORDER |

Robert Heppler alleges prison staff violated his federally protected rights (Doc. 2). After giving Heppler an opportunity to file an amended complaint, Magistrate Judge Keith Strong recommends this Court dismiss Heppler's Complaint for failure to state a claim upon which relief can be granted. (Doc. 12.)

Heppler has not filed objections to Judge Strong's Findings and Recommendation. The Court reviews the findings and recommendations that are not specifically objected to for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

1

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In the Complaint, Heppler alleges that prison staff put him in direct danger by housing him with prisoners with whom he has a history of conflict and that he was assaulted and had personal property stolen. (Doc. 2 at 6.) Heppler alleges Mr. Baseta, as Director of the Montana Department of Corrections, and Warden Kirkegard oversee the prison and are therefore responsible for the staff. He further alleges that Shelly Styth put him in danger and Roxanna Wigert knew he was in danger but failed to remedy the situation. (*Id.*) Judge Strong initially determined that the allegations in Heppler's Complaint were so vague that it failed to state a claim upon which relief may be granted. Judge Strong gave Heppler the opportunity to file an amended complaint with additional facts to cure these defects. (Doc. 9.) No amended complaint was filed.

The Court finds no clear error with Judge Strong's determination that the Complaint fails to state a claim upon which relief may be granted. Heppler does not provide any factual support for his claims. In the Order allowing Heppler to file an amended complaint, Judge Strong even states the relevant caselaw as it

relates to which specific facts should be provided. (*See* Doc. 9.)

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 12) is ADOPTED IN FULL. Heppler's Complaint (Doc. 2) is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous and lacks arguable substance in law or fact.

IT IS FURTHER ORDERED that the Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based on Heppler's failure to state a claim.

Dated this 2nd day of December, 2013.

Donald W. Molloy, District Judge
United States District Court